UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GLORIA MONTANO | CV 18-3013 DSF<br><br>Opinion |

Debtor's counsel, A.O.E. Law & Associates, has appealed the Bankruptcy Court's refusal to approve the payment of certain fees connected with two adversarial actions. In short, the Bankruptcy Court found that the work undertaken was not reasonably likely to benefit the estate because Appellant's work basically prolonged the inevitable result of the adversarial actions. Specifically, the Bankruptcy Court found that it was, or should have been, apparent at the time Appellant entered the case that the adversarial actions would be resolved through the sale of certain real property and the distribution of the sale funds to the two secured creditors who had filed the adversarial actions.

A bankruptcy court's denial of requested fees is reviewed for abuse of discretion. In re Park-Helena Corp., 63 F.3d 877, 880 (9th Cir. 1995). Appellant tries to work its appeal into a de novo standard of review by arguing that the Bankruptcy Court did not apply the proper legal standard for the denial of fees. This is unpersuasive. There is no indication that the Bankruptcy Court misunderstood or ignored the relevant standard. A bankruptcy court "shall not allow compensation" for services not "reasonably

likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A). Whether the work was "likely to benefit the debtor's estate" is also relevant to the reduction of fees authorized by 11 U.S.C. § 330(a)(3). The Bankruptcy Court received evidence, heard argument, and decided that the requested fees were not likely to have benefited the debtor's estate when Appellant undertook to provide the services.

The Bankruptcy Court did not abuse its discretion in denying the fees. Evidence supported its conclusion that much of Appellant's work was not likely to benefit the debtor's estate because the work was an unnecessarily wasteful way of getting the case back around to the result that everyone knew, or should have known, was going to occur from the very beginning. The Bankruptcy Court also appears to have additionally believed that denial of the fees was warranted under § 330(a)(3) because the services were not performed in a reasonable amount of time given the complexity of the issues.[1] Appellant provides various arguments as to why that is not the case, but the Bankruptcy Court did not abuse its discretion in so deciding.

The order of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Date: September 18, 2018

Dale S. Fischer
United States District Judge

---

[1] Notably, the Debtor testified that her (relatively simple) case was passed among numerous attorneys at Appellant's firm. The testimony gave a clear impression that almost any time a new matter came up in the bankruptcy, the Debtor was faced with dealing with a new lawyer.